IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00446-BNB

BERNARD KENNETH MYERS, also known as
BERNARD K. MYERS,
      Plaintiff,

v.

DORWIN DWAYNE HUMMEL, Personal Representative
      of the Estate of Sally Myers,
SALLY. A. MYERS (Deceased), Former Secretary for the Loveland, CO Chief of Police
      and the Police Administrator, in her individual and official capacities,
ALICE JANE GARLAND, Former Loveland, CO P.D. Employee, in her individual and
      official capacities,
DEBORAH LAWRENCE, Loveland, CO P.D. Employee, in her individual and official
      capacities,
ELIZABETH MARKHAM, City of Loveland, CO Employee, in her individual and official
      capacities,
DANA D. WOODHAMS, City of Loveland, CO Employee, in her individual and official
      capacities,
DEE ANN BEAMAN, City of Loveland, CO Employee, in her individual and official
      capacities,
BILL CAHILL, Loveland, CO City Manager, in his individual and official capacities,
JOHN R. DUVALL, Loveland, CO City Attorney, in his individual and official capacities,
SHERLYN K. SAMPSON, Former Larimer County Clerk of the Court, in her individual
      and official capacities,
LARRY ABRAMSON, Larimer County District Attorney, in his individual and official
      capacities,
ELLIOT PHELPS, Larimer County District Attorney's Chief Investigator, in his individual
      and official capacities,
FRANK GAGLIARDI, Chief Fraud and Public Corruption Investigator for the Colorado
      Bureau of Investigation, in his individual and official capacities,
STEVEN G. FRANCIS, Attorney at Law,
RYAN G. CLEMENT, Attorney at Law,
PAUL GORDON, Attorney at Law for the Paul Gordon Law Firm, and
 STEVE MCWHIRTER, Attorney at Law for the Paul Gordon Law Firm,
      Defendants.

---

ORDER FOR SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Bernard Kenneth Myers, also known as Bernard K. Myers, is a resident of Big Spring, Texas.  He submitted *pro se* on March 24, 2014, an amended Complaint (ECF No. 5) asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  He also submitted on May 16, 2014, a motion (ECF No. 8) to add 150 exhibits to the amended Complaint and on June 26, 2014, a motion (ECF No. 9) requesting leave to refile his amended Complaint with 150 exhibits.  The motions (ECF Nos. 8 and 9) will be denied.  The Court will not review 150 exhibits.  Instead, Mr. Myers will be ordered to file a second and final amended Complaint that incorporates relevant information from the exhibits to support his claims.

This is the fourth lawsuit Mr. Myers has filed in this Court concerning the disposition of his late father's estate.  *See also Myers v. Estate of Sally Myers*, No. 13-cv-01909-LTB (D. Colo. Jan. 17, 2014); *Myers v. City of Loveland, Colorado*, No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013); *Myers v. Hummel*, No. 11-cv-00400-KMT-KLM (D. Colo. March 26, 2012).  In the instant action, Mr. Myers alleges that city, county, and state government officials, as well as private attorneys, illegally deprived him of the right to inherit his late father's estate.  In No. 13-cv-01909-LTB, he asserted he was cheated out of his inheritance from his father's estate by his former stepmother, the late Sally A. Myers, who he alleges forged his father's signature on estate-related documents.  In No. 12-cv-02317-REB-KLM, Mr. Myers complained about a series of events related to the death of his father and actions taken by his former stepmother, the late Sally A. Myers, who he argued committed a series of forgeries with regards to his father's assets.  In No. 11-cv-00400-KMT-KLM, Mr. Myers contended that Dorwin Dwayne Hummel, son of Sally A. Myers, breached his fiduciary duty to protect Plaintiff's portion

2

of his father's estate by obtaining substantially all of his father's estate.

In the instant action, Mr. Myers specifically alleges that the named Defendants either notarized, witnessed, or failed to investigate notarized documents with his father's signature allegedly forged by his former stepmother, the late Sally A. Myers.  He is suing Alice Jane Garland, Deborah Lawrence, and Elizabeth Markham for notarizing allegedly forged documents, Dana D. Woodhams for serving as a witness to the allegedly forged will of his father, and Dee Ann Beaman for notarizing the will.  He makes vague and conclusory allegations that he is suing Elliott Phelps for failing to investigate Sally A. Myers for forgery, Bill Cahill for not sanctioning or disciplining the notaries, John R. Duvall for not investigating the actions of the notaries, and Sherlyn K. Sampson for helping Sally A. Myers have access to court records and substituting a spurious divorce document instead of his father's and Ms. Myers' real divorce document.  He is suing Larry Abramson, Elliott Phelps, and Frank Gagliardi for being aware of the forgeries and not investigating them because his case allegedly lacked credible evidence.  He is suing his four attorneys – Steven G. Francis, Ryan G. Clement, Paul Gordon, and Steve McWhirter – for breaching their fiduciary duty to him by attempting to allow the statute of limitations to run and not disclosing the forgeries to him in a timely manner.  He is suing Dorwin Dwayne Hummel for misrepresenting a forged copy of his father's will as a proper legal document.

Because Mr. Myers invokes the parties' diversity of citizenship as the basis of the Court's subject matter jurisdiction in the case, the Court applies Colorado law to his claims.  *See Mondragon v. Camping*, No. 12-cv-02573-MSK-CBS, 2013 WL 5609348, at *2 (D. Colo. Oct. 11, 2013) (unpublished); *see also Phoenix Ins. Co. v. Trinity*

*Universal Ins. Co. of Kan.*, No. 12-cv-01553-REB-KLM, 2013 WL 4510304, at \*2 (D.

Colo.  Aug. 26, 2013) (unpublished).  Mr. Myers fails to assert separate claims

cognizable under state law or to identify what those claims are.  He simply includes

general background information as a statement of the case, and groups all Defendants

together in his one asserted, but unidentified, claim to hold them collectively responsible

for the loss of his inheritance.  He fails to allege with particularity in separate claims –

not with speculations or vague and conclusory allegations – the actions or inactions by

each Defendant that allegedly violated his rights.  In short, he fails to make sufficient

factual allegations demonstrating that the Court has jurisdiction over this matter.  Under

the so-called probate exception, federal courts generally lack diversity jurisdiction over

cases involving probate matters.  *See J.H. v. Estate of Rankin*, No. 06-4076-JAR, 2006

WL 2644962, at \*2 (D. Kan. Sept. 11, 2006); *see Marshall v. Marshall*, 547 U.S. 293,

306-311(2006); *Rienhardt v. Kelly*, 164 F.3d 1296, 1299-1300 (10th Cir.1999).

The amended Complaint is not on the Court-approved Complaint form the order

of March 3, 2014, directed Mr. Myers to use and Plaintiff knows to use because he

previously used the Complaint form in submitting the amended Complaint in No. 13-cv-

01909-LTB on August 15, 2013.  *See* ECF No. 8 in No. 13-cv-01909-LTB.  Local Rules

1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to the

Court-approved forms found on the Court's website.  The United States Court of

Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants

comply with local court rules requiring use of proper Court-approved forms, and rejected

constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917,

918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil

4

rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Moreover, Mr. Myers makes reading his amended Complaint difficult by typing it in all capital letters, instead of utilizing upper- and lower-case lettering.

As Mr. Myers was told in the March 3 order for an amended Complaint, it is his responsibility, not the Court's or a Defendant's, to piece together his allegations with

5

what he appears to believe are factual assertions buried in exhibits.  Nor should the
Court or a defendant be required to sift through or piece together Mr. Myers' allegations
to determine the basis for and heart of each claim.  It is Mr. Myers' responsibility to
present his claims in a manageable and readable format that allows the Court and each
Defendant to know what claims are being asserted and to be able to respond to those
claims.  Mr. Myers must allege, simply and concisely, his specific claims for relief and
the specific acts of each Defendant that allegedly violated his rights.  The Court does
not require a long, chronological recitation of facts.  In addition, the Court will not
consider any claims raised in separate lawsuits, complaints, attachments, amendments,
supplements, motions, addenda, or other documents not included in the second and
final amended Complaint Mr. Myers will be directed to file.

The general rule that *pro se* pleadings must be construed liberally has limits and
"the Court cannot take on the responsibility of serving as the litigant's attorney in
constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*
*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Myers fails to provide "a generalized
statement of *the facts* from which the defendant may form a responsive pleading."  *New*
*Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957) (emphasis
added).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is
permissible, if the complaint concisely states facts upon which relief can be granted
upon any legally sustainable basis."  *Id.*

The twin purposes of a complaint are to give the opposing parties fair notice of
the basis for the claims against them so that they may respond and to allow the court to
conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

6

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Myers will be given an opportunity to cure the deficiencies in his amended Complaint by submitting a second and final amended Complaint that asserts the specific claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and the specific facts that demonstrate each named defendant's involvement in the asserted violations.

Accordingly, it is

ORDERED that the motion filed on May 16, 2014 (ECF No. 8), to add 150 exhibits to the amended Complaint and the motion filed on June 26, 2014 (ECF No. 9), requesting leave to refile his amended Complaint with 150 exhibits are denied.  It is

FURTHER ORDERED that Plaintiff, Bernard Kenneth Myers, file a second and final amended Complaint that complies with this order and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second and final amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second and final amended Complaint as directed **within thirty (30) days from the date of this order**, the entire amended Complaint, or certain claims or parties, may be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of July, 2014.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge