IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00446-BNB

BERNARD KENNETH MYERS, also known as
BERNARD K. MYERS,
        Plaintiff,

v.

DORWIN DWAYNE HUMMEL, Personal Representative
        of the Estate of Sally Myers,
SALLY A. MYERS, Former Secretary to the Loveland Chief of Police
        and the Police Administrator, in her individual and official capacities,
ALICE JANE GARLAND, Former Loveland P.D. Employee, in her individual and
        official capacities,
DEBORAH LAWRENCE, Loveland[,] CO P.D. Employee, in her individual and official
        capacities,
ELIZABETH MARKHAM, City of Loveland Employee, in her individual and official
        capacities,
DANA D. WOODHAMS, City of Loveland, CO Employee, in her individual and official
        capacities,
DEE ANN BEAMAN, City of Loveland, CO Employee, in her individual and official
        capacities,
BILL CAHILL, Loveland, CO City Manager, in his individual and official capacities,
JOHN R. DUVALL, Loveland, CO City Attorney, in his individual and official capacities,
SHERLYN K. SAMPSON, Former Larimer County Clerk of the Court, in her individual
        and official capacities,
LARRY ABRAMSON, Larimer County District Attorney, in his individual and official
        capacities,
ELLIOT PHELPS, Larimer County D. A.'s Chief Investigator, in his individual
        and official capacities,
FRANK GAGLIARDI, Chief Fraud and Public Corruption Investigator for the Colorado
        Bureau of Investigation, in his individual and official capacities,
STEVEN G. FRANCIS, Attorney at Law,
RYAN G. CLEMENT, Attorney at Law,
PAUL GORDON, Attorney at Law, and
STEVE MCWHIRTER, Attorney at Law,

        Defendants.

---

## ORDER OF DISMISSAL

Plaintiff, Bernard Kenneth Myers, also known as Bernard K. Myers, is a resident of Big Spring, Texas.  He submitted *pro se* on March 24, 2014, an amended Complaint (ECF No. 5) asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 and asking as relief for the Court to "hold all named Defendants liable for the loss of my inheritance valued at 3.85 million dollars."  ECF No. 5 at 15.  He also submitted on May 16, 2014, a motion (ECF No. 8) to add 150 exhibits to the amended Complaint and on June 26, 2014, a motion (ECF No. 9) requesting leave to refile his amended Complaint with 150 exhibits.  On July 3, 2014, Magistrate Judge Boyd N. Boland entered an order denying the motions (ECF Nos. 8 and 9), and directing Mr. Myers to file within thirty days a second and final amended Complaint on the Court-approved form that incorporated relevant information from the exhibits to support his claims and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On July 9, 2014, Mr. Myers filed a second and final amended Complaint (ECF No. 11) asserting diversity jurisdiction pursuant to § 1332 for money damages.

The Court must construe liberally Mr. Myers' second and final amended Complaint because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the second and final amended Complaint action will be

2

dismissed.

This is the fourth lawsuit Mr. Myers has filed in this Court concerning the disposition of his late father's estate.  *See Myers v. Hummel*, No. 11-cv-00400-KMT-KLM (D. Colo. March 26, 2012) (diversity action dismissed with prejudice on summary judgment); *Myers v. City of Loveland, Colorado*, No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013) (civil rights action dismissed with prejudice as time-barred and for failure to state a claim); and *Myers v. Estate of Sally Myers*, No. 13-cv-01909-LTB (D. Colo. Jan. 17, 2014) (diversity action dismissed without prejudice pursuant to Rule 8 and 41(b) of the Federal Rules of Civil Procedure for failure to file a second amended Complaint as directed within the time allowed).

In No. 11-cv-00400-KMT-KLM, Mr. Myers contended that Dorwin Dwayne Hummel, son of Sally A. Myers, breached his fiduciary duty to protect Plaintiff's portion of his father's estate by obtaining substantially all of his father's estate.  In No. 12-cv-02317-REB-KLM, Mr. Myers complained about a series of events related to the death of his father and actions taken by his former stepmother, the late Sally A. Myers, who he argued committed a series of forgeries with regards to his father's assets.  In No. 13-cv-01909-LTB, Mr. Myers asserted he was cheated out of his inheritance from his father's estate by his former stepmother, the late Sally A. Myers, who he alleged forged his father's signature on estate-related documents.  He also made numerous rambling and confusing allegations against the personal representative for the estate of the late Sally A. Myers, and numerous city, county, and state government officials, and private attorneys.

In the instant action, Mr. Myers alleges that he was deprived illegally of the right

3

to inherit his late father's estate by his deceased stepmother, Sally A. Myers; Mr. Hummel, personal representative for the estate of the late Sally A. Myers; and city, county, and state government officials, as well as private attorneys.  Mr. Myers specifically alleges that the named Defendants either misrepresented, forged, notarized, witnessed, or failed to investigate notarized documents with his father's signature allegedly forged by his former stepmother, the late Sally A. Myers.

He is suing Dorwin Dwayne Hummel for allegedly misrepresenting a forged copy of his father's will as a proper legal document.  He is suing the late Sally A. Myers for allegedly forging his father's signature on various documents, including but not limited to a quit claim deed, petition for dissolution of marriage, separation agreement, decree of dissolution of marriage, and a forged copy of his father's will.  He also alleges that Sally A. Myers provided false information on his father's death certificate "where she became my fathers [sic] wife again."  ECF No. 11 at 4.  He is suing Alice Jane Garland, Deborah Lawrence, and Elizabeth Markham for notarizing allegedly forged documents; Dana D. Woodhams for serving as a witness to the allegedly forged will of his father; and Dee Ann Beaman for notarizing the will.  He makes vague and conclusory allegations that he is suing Bill Cahill and John R. Duvall allegedly for not training, disciplining, or supervising the notaries, and Sherlyn K. Sampson for allegedly helping Sally A. Myers have access to court records and allowing her to substitute a spurious divorce document instead of his father's and Sally A. Myers' real divorce document.  He is suing Larry Abramson, Elliott Phelps, and Frank Gagliardi allegedly for being aware of the forgeries and not investigating them.  He is suing his four attorneys – Steven G. Francis, Ryan G. Clement, Paul Gordon, and Steve McWhirter – for allegedly breaching their

4

fiduciary duty to him by attempting to allow the statute of limitations to run and not disclosing the forgeries to him in a timely manner.

On the basis of these allegations, Mr. Myers asserts two claims, i.e., a violation of his property rights under the Due Process Clause (claim one) and a state law claim for outrageous conduct (claim two). He previously asserted an outrageous conduct claim that was dismissed as time-barred in No. 12-cv-02317-REB-KLM. *See* ECF No. 72 (Recommendation of United States Magistrate Judge) at 16-19, and ECF No. 83 (Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge) in No. 12-cv-02317-REB-KLM. In any event, the allegations against Defendants lack the supporting facts Mr. Myers was directed to provide pursuant to Fed. R. Civ. P. 8 in the order for a second and final amended complaint, and are similar to the vague and conclusory allegations he previously raised in No. 13-cv-01909-LTB. However, the second and final amended Complaint will not be dismissed for that reason.

Plaintiff clearly seeks to invalidate the disposition of his father's estate. However, he fails to allege whether the probate proceedings in Colorado state court are ongoing or have concluded. If the probate proceedings are ongoing and Plaintiff seeks to have the Court intervene in those proceedings, Plaintiff's suit cannot be premised upon diversity jurisdiction, 28 U.S.C. § 1332, even if there is diversity of citizenship between the parties.

It is well-established that matters involving probate or administration of a decedent's estate fall outside the scope of federal jurisdiction. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or

administer an estate."). Nonetheless, federal courts do "have jurisdiction to entertain suits in favor of . . . heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (quotation marks omitted). Accordingly, federal jurisdiction over probate matters depends on state law. *See McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988) (holding no diversity jurisdiction and stating that action belonged in Kansas probate proceedings).

> The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim *inter partes*, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.

*McKibben*, 840 F.2d at 1529; *see also Golden ex rel. Golden v. Golden*, 382 F.3d 348, 357-58 (3d Cir. 2004) (detailed discussion of probate exception). Both Colorado's statutory structure regarding probate matters and precedent lead to the conclusion that the "probate exception" applies. *See Johnson v. Porter*, 931 F. Supp. 761, 762 (D. Colo. 1996).

Mr. Myers' due process and outrageous conduct claims are ancillary to a will challenge and belong in ongoing state probate proceedings. *McKibben*, 840 F.2d at 1530; *Rienhardt v. Kelly*, 164 F.3d 1296, 1301 (10th Cir. 1999). Plaintiff's claims are premised on the same allegations – that Defendants cheated him out of his inheritance from his father's estate. Because Plaintiff's claims are within the probate court's exclusive jurisdiction, the federal district court is precluded from hearing the action.

If the state probate proceedings are concluded, then Mr. Myers is challenging a final decision of the probate court.  Such a claim would be barred by the *Rooker-Feldman* doctrine, which provides that federal courts other than the United States Supreme Court lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine operates as a jurisdictional limit on federal courts, precluding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").  A federal complaint that seeks to nullify the order of a state probate court is properly dismissed under the *Rooker-Feldman* doctrine.  *See Mann v. Boatwright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Therefore, the instant action will be dismissed for lack of diversity jurisdiction.

Plaintiff persists in bringing lawsuits for money damages arising out of the same set of circumstances.  While Mr. Myers' claims have to some extent evolved with each new lawsuit, his cases all stem from the underlying belief that he was cheated out of his inheritance from his father's estate.  Mr. Myers has turned from filing lawsuits against the personal representative over allegedly being cheated out of his inheritance from his

7

father's estate to bringing actions against additional individuals, including private attorneys and government officials he believes played a part in the disposition of his late father's estate.  Plaintiff is warned that turning his belief in the loss of his paternal inheritance into grounds for filing another lawsuit may result in the imposition of filing restrictions against him.  *See, e.g.*, *Smith v. Anderson*, No. 09-cv-01018-PAB, 2009 WL 4035902 (D. Colo. 2009) (not published) (filing restrictions imposed against plaintiff with a long history of filing lawsuits stemming from his underlying failure to be admitted to the Colorado bar); *Winslow v. Romer*, 759 F. Supp. 670, 678 (D. Colo. 1991) (filing restrictions imposed against plaintiff filing repetitive pleadings traceable, directly or indirectly, to certain state court judgments entered against Plaintiff in a Morgan County, Colorado, case).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

8

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may
. . . impose an appropriate sanction" upon that party.  *See* Fed. R. Civ. P. 11(c).  Rule
11 serves several purposes, including, but not limited to, (1) deterring future litigation
abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and
facilitating case management.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683
(10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for
Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C.
Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)).
Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496
U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro
se* party's actions must be objectively reasonable.  *White v. Gen. Motors Corp.*, 908
F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will
support an order enjoining a litigant from filing any claims without first seeking prior
leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v.
Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't
v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who
files non-meritorious actions and who generally abuses judicial process.  *Phillips v.
Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to
provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting
further filings are appropriate where (1) the litigant's lengthy and abusive history is set
forth; (2) the court provides guidelines as to what the litigant may do to obtain its
permission to file an action; and (3) the litigant receives notice and an opportunity to

9

oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.  Mr.

Myers has the right to notice and to oppose, in writing, the imposition of future

restrictions.  *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Myers files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second and final amended Complaint filed by Plaintiff,

Bernard Kenneth Myers, also known as Bernard K. Myers, on July 9, 2014 (ECF No.

11), and the action are dismissed without prejudice for lack of subject matter jurisdiction.

It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __12th__ day of ___November_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court