IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00446-LTB

BERNARD KENNETH MYERS, also known as
BERNARD K. MYERS,
    Plaintiff,

v.

DORWIN DWAYNE HUMMEL, Personal Representative
    of the Estate of Sally Myers,
SALLY A. MYERS, Former Secretary to the Loveland Chief of Police
    and the Police Administrator, in her individual and official capacities,
ALICE JANE GARLAND, Former Loveland P.D. Employee, in her individual and
    official capacities,
DEBORAH LAWRENCE, Loveland[,] CO P.D. Employee, in her individual and official
    capacities,
ELIZABETH MARKHAM, City of Loveland Employee, in her individual and official
    capacities,
DANA D. WOODHAMS, City of Loveland, CO Employee, in her individual and official
    capacities,
DEE ANN BEAMAN, City of Loveland, CO Employee, in her individual and official
    capacities,
BILL CAHILL, Loveland, CO City Manager, in his individual and official capacities,
JOHN R. DUVALL, Loveland, CO City Attorney, in his individual and official capacities,
SHERLYN K. SAMPSON, Former Larimer County Clerk of the Court, in her individual
    and official capacities,
LARRY ABRAMSON, Larimer County District Attorney, in his individual and official
    capacities,
ELLIOT PHELPS, Larimer County D. A.'s Chief Investigator, in his individual
    and official capacities,
FRANK GAGLIARDI, Chief Fraud and Public Corruption Investigator for the Colorado
    Bureau of Investigation, in his individual and official capacities,
STEVEN G. FRANCIS, Attorney at Law,
RYAN G. CLEMENT, Attorney at Law,
PAUL GORDON, Attorney at Law, and
STEVE MCWHIRTER, Attorney at Law,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Bernard Kenneth Myers, also known as Bernard K. Myers, is a resident of Big Spring, Texas. He filed *pro se* on November 18, 2014, a motion titled "Motion to oppose future restrictions and motion to request a reversal of the dismissal order" (ECF No. 16). The Court must construe the motion liberally because Mr. Myers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the November 18 motion will be treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and denied.

In the Fed. R. Civ. P. 59(e) motion, Mr. Myers asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 14) and the Judgment (ECF No. 15) entered in this action on November 12, 2014. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th

Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court denied Mr. Myers' second and final amended Complaint (ECF No. 11) and dismissed the instant action without prejudice for lack of subject matter jurisdiction. The November 12 dismissal order discusses in detail the reasons for the dismissal. In the motion to reconsider, Mr. Myers now contends that his father's will never was probated, a new argument he could and should have raised previously. Without providing any legal authority to support his request, he asks this Court to subpoena or enter an order for his father's financial records at the IBM credit union in Longmont, Colorado.

Federal courts lack the power to probate a will or administer an estate. *See Markham v. Allen*, 326 U.S. 490, 494 (1946); *Moore v. Graybeal*, 843 F.2d 706, 709 (3d Cir. 1988); *see also Georges v. Glick*, 856 F.2d 971, 973 (7th Cir. 1988). Thus, they do not ordinarily have jurisdiction to set aside a will or the probate thereof. *Sutton v. English*, 246 U.S. 199, 205 (1918); *Moore*, 843 F.2d at 709. Through his request for this Court to subpoena or enter an order for his father's financial records at the IBM credit union in Longmont, Plaintiff appears to be seeking relief in the nature of mandamus.

Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States

or any agency thereof to perform a duty owed to the plaintiff.  The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances.  Furthermore, the writ is not available when review by other means is possible."  *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted).  "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available."  *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

Mr. Myers has not presented the Court with an extraordinary situation mandating mandamus relief.  He has no clear right to the relief sought, the named Defendants do not owe him a clear nondiscretionary duty, and he does not allege that no other adequate remedy is available.

Upon consideration of the Fed. R. Civ. P. 59(e) motion and the entire file, the Court finds that Mr. Myers fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Therefore, the motion will be denied.

Finally, the Court will address Mr. Myers' expression of concern over the possibility of future sanctions.  The purpose of the warning contained in the dismissal

order was to point out to Mr. Myers that "turning his belief in the loss of his paternal inheritance into grounds for filing another lawsuit may result in the imposition of filing restrictions against him," ECF No. 14 at 8, and "[t]he Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who general abuses judicial process." *Id.* at 9.

Accordingly, it is

ORDERED that the motion titled "Motion to oppose future restrictions and motion to request a reversal of the dismissal order" (ECF No. 16) that Plaintiff, Bernard Kenneth Myers, filed *pro se* on November 18, 2014, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  21st  day of   November        , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court